IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10453
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS MARTIN CROW,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
- - - - - - - - - -
March 5, 1997
Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:*

Douglas Martin Crow appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues (1) that the evidence was insufficient to prove that he was predisposed to possess a firearm; (2) that the district court abused its discretion in denying his motion for a new trial; (3) that the district court abused its discretion in admitting transcripts of tape recorded conversations rather than the actual

_____

* Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

tapes; (4) that the district court abused its discretion in admitting Charles Jackson's out-of-court statement; (5) that the district court erred in failing to inform the jury that the statement, which the jury requested be read back, was not offered for the truth of the matter asserted; (6) that the district court abused its discretion in instructing the jury on the "in and affecting commerce" element of 18 U.S.C. § 922(g)(1); and (7) that § 922(g)(1) is unconstitutional.

We have carefully reviewed the record and find sufficient evidence to support the jury's verdict that Crow was predisposed to possess the firearm.[1] The district court did not abuse its discretion in denying Crow's motion for new trial,[2] refusing to admit the tape recorded conversations,[3] or admitting Charles Jackson's out of court statement.[4]

Petitioner waived his argument that the district court erred in failing to instruct the jury regarding the read back of trial testimony.[5] The district court specifically instructed counsel to review the transcript before it was read to the jury and asked

---

[1]    See United States v. Byrd, 31 F.3d 1329, 1336 (5th Cir. 1994), cert. denied, 115 S. Ct. 1432 (1995).

[2]    See United States v. Giraldi, 86 F.3d 1368, 1374 (5th Cir. 1996).

[3]    See United States v. Ruiz, 987 F.2d 243, 246 (5th Cir.), cert. denied, 510 U.S. 855 (1993).

[4]    See United States v. Carrillo, 20 F.3d 617, 619 (5th Cir.), cert. denied, 115 S. Ct. 261 (1994).

[5]    See United States v. Musquiz, 45 F.3d 927, 931 (5th Cir.), cert. denied, 116 S. Ct. 54 (1995).

counsel if he had any questions or concerns.  After the transcript was read, the court asked defense counsel if he had any objection, and defense counsel responded that he did not. Any objection to the reading of the transcript was affirmatively waived and is "entirely unreviewable".[6]

The district court did not abuse its discretion in instructing the jury on the "in an affecting commerce" element of § 922(g)(1) because the court's instruction did not remove the issue from the jury's consideration.[7]  Crow's argument that § 922(g)(1) is unconstitutional is without merit.  We have held that § 922(g)(1) is valid under the Commerce Clause.[8]  Section 922(g)(1) is not unconstitutional as applied to the instant case.[9]

AFFIRMED.

---

[6]    Id.

[7]    See United States v. Gaudin, 115 S. Ct. 2310, 2320 (1995).

[8]    United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).

[9]    See Id. at 242-43.